IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02030-BNB

DANIEL ROSS SCHAEFFER,

     Applicant,

v.

R. WILEY, Warden,

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 1 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Daniel Ross Schaeffer, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Schaeffer has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting brief. The Court must construe the documents liberally because Mr. Schaeffer is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Schaeffer is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance

abuse treatment program. Mr. Schaeffer alleges that he was convicted in 1997 of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846, and that he received a two-level increase based on the specific offense characteristic of possession of a dangerous weapon. He maintains that the BOP first determined in 1998 that he was eligible to participate in the residential drug abuse treatment program and would receive a sentence reduction upon completing the program. He further alleges, however, that in March 2005 the BOP determined he was not eligible for a sentence reduction upon completion of the program because of his conviction for possession of a firearm. Mr. Schaeffer does not allege that he entered the drug abuse treatment program in 1998 or in 2005.

On March 19, 2007, the BOP again determined that Mr. Schaeffer was eligible to participate in the drug abuse treatment program and that he still was not eligible for a sentence reduction upon completion of the program because of his conviction for possession of a firearm. Mr. Schaeffer does not allege that he was accepted into the drug abuse treatment program in March 2007 or that he anticipates successful completion of the program. Instead, according to the August 22, 2007, response he received to a grievance he filed with the BOP, he declined participation in the program on June 1, 2007.

Assuming Mr. Schaeffer does complete the drug abuse treatment program successfully, he still is not entitled to an automatic sentence reduction. As noted above, 18 U.S.C. § 3621(e)(2)(B) provides that the BOP *may* grant a sentence reduction to inmates who meet the statutory eligibility requirements that include conviction of a nonviolent offense and successful completion of a substance abuse

2

treatment program.  The BOP has exercised its discretion by adopting a regulation and a program statement implementing § 3621(e)(2)(B).  *See* 28 C.F.R. § 550.58; BOP Program Statement 5162.04, Categorization of Offenses (Oct. 9, 1997).  The regulation and program statement rely upon "the discretion vested in the Director of the Federal Bureau of Prisons" to exclude certain categories of inmates from eligibility for a sentence reduction.  28 C.F.R. § 550.58(a)(1); BOP Program Statement 5162.04. Among the excluded categories of inmates are inmates whose current offense is a felony "[t]hat involved the carrying, possession, or use of a firearm."  28 C.F.R. § 550.58(a)(1)(vi)(B); *see also* BOP Program Statement 5162.04, § 7.

Mr. Schaeffer's conviction is a felony that involved the possession of a firearm. Therefore, Mr. Schaeffer is not eligible for a sentence reduction pursuant to the discretion of the Director of the BOP as set forth in 28 C.F.R. § 550.58 and Program Statement 5162.04.  *See Lopez v. Davis*, 531 U.S. 230, 238 (2001).

Mr. Schaeffer does not challenge BOP's determination that inmates convicted of offenses involving firearms are not eligible for a sentence reduction.  Instead, he claims that his rights have been violated because the BOP's October 1998 determination that he was not eligible for a sentence reduction was based on a regulation that was invalid under the Administrative Procedures Act (APA).  *See Paulsen v. Daniels*, 413 F.3d 999 (9th Cir 2005).  In *Paulsen*, the Ninth Circuit held that the BOP violated the notice and comment requirements of the APA by making a 1997 interim regulation codified at 28 C.F.R. § 550.58 retroactively effective.  *See id.* at 1003-04.  On December 22, 2000, the BOP replaced the interim regulation with a final regulation, which also is codified at

3

28 C.F.R. § 550.58, that adopted the interim regulation without change. *See id.* at 1003. Because there was no question regarding the validity of the December 2000 final regulation, the Ninth Circuit granted relief only to those inmates deemed ineligible for a sentence reduction prior to the issuance of the final rule. *See id.* at 1008.

Mr. Schaeffer's reliance on *Paulson* is misplaced. He does not allege that he entered the drug abuse treatment program before the December 2000 final regulation properly had been adopted and was in place. Although the BOP appears to have made a provisional eligibility determination regarding Mr. Schaeffer in 1998, 2005, and again in 2007, he does not appear to have entered the drug abuse treatment program at those times and does not appear to have completed the program successfully. Therefore, because Mr. Schaeffer was not denied eligibility for a sentence reduction pursuant to the 1997 interim regulation, he lacks standing to assert an APA claim challenging the 1997 interim regulation based on *Paulsen*. Accordingly, it is

ORDERED that the application is denied and the action is dismissed.

DATED at Denver, Colorado, this _10_ day of _____Oct_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-02030-BNB

Daniel R. Schaeffer
Reg. No. 10154-073
FPC - Florence
PO Box 5000
Florence, CO 81226


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on___10|11|07

GREGORY C. LANGHAM, CLERK


By:_____
                        Deputy Clerk